# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No.  07-cv-02351-REB-KLM
(Consolidated with 07-cv-02412; 07-cv-02454; 07-cv-02465; and 07-cv-02469)

IN RE CROCS, INC. SECURITIES LITIGATION

## ORDER OF RECUSAL

**Blackburn, J.**

This matter comes before me *sua sponte*.  To eschew the appearance of impropriety, I conclude that I must recuse myself from this case.

As a general rule, recusal is required when "a reasonable person armed with the relevant facts would harbor doubts about the judge's impartiality."  ***Maez v. Mountain States Telephone & Telegraph, Inc.,*** 54 F.3d 1488, 1508 (10th Cir. 1995).  Pursuant to 28 U.S.C. § 455, a judge should recuse himself from a case when his participation in the case creates an appearance of impropriety.  ***See United States v. Pearson***, 203 F.3d 1243, 1264 (10th Cir.), ***cert. denied***, 120 S.Ct. 2734 (2000).  The standard under 28 U.S.C. § 455(a) is an objective one, requiring recusal only "if a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." ***United States v. Cooley***, 1 F.3d 985, 993 (10th Cir. 1993) (citations omitted).

The spouse of one of my career law clerks is a self-employed investor and money manager.  As part of his business, he regularly invests in the stock market, both for clients and as part of his own personal money management plan.  It has recently come to my attention that he holds a not-insubstantial short position with respect to the stock of defendant Crocs, Inc.  Such investment strategy places him, and by extension,

my law clerk, in a position to benefit monetarily if stock in the company declines in value, both by virtue of an increase in their own personal portfolio and as a result of similar increases in the portfolios of clients.

Accordingly, I conclude that the impartiality of my chambers might reasonably be questioned in this matter, and the appearance of impropriety may very well exist, warranting my *sua sponte* recusal and disqualification as required by 28 U.S.C. § 455(a) and Canon 3.C(1) of the Code of Conduct for United States Judges, 175 F.R.D. 364, 368 (1998).

**THEREFORE, IT IS ORDERED** as follows:

1. That under 28 U.S.C. § 455(a), I **RECUSE** myself from these consolidated cases; and

2. That these cases **SHALL BE REASSIGNED** pursuant to D.C.COLO.LCivR 40.1B. and F.

Dated November 16, 2009, in Denver, Colorado.

                                                    **BY THE COURT:**

                                                    */s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge